UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANSHU BHARAT PATHAK,<br><br>Plaintiff(s),<br><br>v.<br><br>CHRIS FULLER, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-1571 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Anshu Pathak's motion for entry of clerk's default against defendant Chris Fuller. (ECF No. 7). Defendant filed a response (ECF No. 11), to which plaintiff replied (ECF No. 12).

Also before the court is plaintiff's motion for entry of clerk's default against defendant Meatmansteaks.com. (ECF No. 9).

Also before the court is plaintiff's motion for entry of clerk's default against defendant the Saint Petersburg Company. (ECF No. 10).

**I.    Background**

On June 5, 2017, plaintiff filed a complaint against Chris Fuller, meatmansteaks.com, and the Saint Petersburg Company. (ECF No. 1).

On June 22, 2017, plaintiff filed with the court a notice of "summons returned executed." (ECF No. 6). The notice contains three affidavits of service, one as to each defendant. *Id.* Each affidavit states that the process server attempted to serve defendant Fuller as an individual and as a representative for meatmansteaks.com and the Saint Petersburg Company. *Id.* The process server attempted to serve Fuller at his house, and at least one time attempted to serve all three defendants at their shared company office address. *Id.* When attempts at personal service failed,

**James C. Mahan**
**U.S. District Judge**

"legal process was posted on front door [of Fuller's personal residence] per client instructions" as to all three defendants. *Id.*

**II.     Discussion**

Federal Rule of Civil Procedure 4 governs service of a summons. In relevant part, Rule 4 provides,

> (e) Serving an Individual . . . . Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4.

Nevada Rule of Civil Procedure 4 provides, in relevant part,

> (d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows:
> (6) Service Upon Individuals. . . . [T]o the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

Nev. R. Civ. P. 4.

Florida law provides a similar rule for service of process,

> (1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. . . .

Fla. Stat. § 48.031(1)(a).

Here, plaintiff has not effectuated proper service of process on defendants. Neither federal nor state law applicable to this case permit service of process for this type of action by posting

legal process on defendant Fuller's front door. As such, the court will deny plaintiff's motions for entry of clerk's default.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for entry of clerk's default (ECF No. 7) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for entry of clerk's default (ECF No. 9) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for entry of clerk's default (ECF No. 10) be, and the same hereby is, DENIED.

DATED December 13, 2017.

_____
UNITED STATES DISTRICT JUDGE